**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAMUEL HOFFMEYER, | ) | CASE NO: 5:25-CV-00084 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| SUMMIT COUNTY JAIL, et al.,    , | ) | |
| | ) | **(Resolves Doc. 22)** |
| Defendants. | ) | |

Pending before the Court is Defendants Summit County Jail, Metamba Kaalima, Geoffrey Kugler, and Jordon Larson's ("Defendants") motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed.R.Civ. P. 12(b)(6). Doc. 20. Plaintiff Samuel Hoffmeyer did not oppose this motion. Upon review, the Court GRANTS the motion and DISMISSES the complaint.

## I.    FACTUAL BACKGROUND

Defendants set forth the following facts, which, upon review, the Court adopts:

> Hoffmeyer was booked into the Summit County Jail ("SCJ") on October 25, 2024. (Complaint, Doc. # 1, PageID #: 4, page I, paragraph one). In early November, 2024, while in general population (3B), Hoffmeyer received sexual assault threats by inmates, including Inmate Lopayne.1 (Complaint, PageID #: 4, page I, paragraph three). Hoffmeyer requested to report the threats under the Prisoner Rape Elimination Act (PREA) but was told that the SCJ does not have PREA policy or protocol. (Complaint, PageID #: 4, page I, paragraph three). After several attempts to communicate the threats (including reporting them to a nurse and through a sexual abuse hotline) and to be separated from the threatening inmates, Hoffmeyer "refused lock," and as a result, was transferred to the disciplinary housing unit (1A). (Complaint, PageID #: 4, page I, paragraphs four and five).
>
> Defendant, Sergeant Geoffrey Kugler moved Inmate Lopane to the disciplinary housing unit, where Lopane continued to make sexual threats and harass Hoffmeyer. (Complaint, PageID #: 5, page II, paragraph one and

two). Hoffmeyer met with Sergeant Kugler and Defendant, Sergeant Jordan Larson "where [Hoffmeyer] further indicated that [he] had been repeatedly threatened by [Lopane] and several inmates in 3-B." (Complaint, PageID #: 5, page II, paragraph two). Sergeant Kugler and Sergeant Larson "indicated SCJ does not comply with Federal PREA Act [p]rotocol or [p]olicy."2 (Complaint, PageID #: 5, page II, paragraph three). Sergeant Larson ordered Hoffmeyer to return to the disciplinary housing unit. (Complaint, Page ID #: 5, page II, paragraph four). On December 29, 2024, Sergeant Kugler again relocated Inmate Lopane to the disciplinary housing unit. (Complaint, PageID #: 5,7, pages II and IV).

Back on December 9, 2023, while in the disciplinary housing unit, Hoffmeyer encountered an inmate – Inmate M. Riley – who had sexually assaulted and raped Hoffmeyer in a boarding house in Akron, Ohio in October, 2023. (Complaint, PageID #: 6, page III, paragraph one). On December 20, 2023, Hoffmeyer met with Sergeant Larson and a woman from the jail psychological staff and reported the information regarding Inmate Riley. (Complaint, PageID #: 6, page III, paragraph two). Apparently, Hoffmeyer and Inmate Riley were both assigned to the disciplinary housing unit now relocated at 2-B. (Complaint, PageID #: 6, page III, paragraph three). Hoffmeyer advised Sergeant Larson that he wanted to file a criminal complaint against Inmate Riley with the Akron Police Department, and "further indicated [he] wished to file report as to M. Riley's sexual threats while incarcerated at the Summit County Jail (SCJ)." (Complaint, PageID #: 6, page III, paragraph four).

Doc. 22, p. 1-2.

## II.    STANDARD OF REVIEW

### A.    Subject Matter Jurisdiction: Fed.R.Civ. P. 12(b)(1)

A party may move to dismiss for failure to state a claim pursuant to Fed.R.Civ. P. 12(b)(1) for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. "When a defendant attacks subject matter jurisdiction under Rule 12(b)(1), the plaintiff must meet the burden of proving jurisdiction." *Cline v. United States*, 13 F. Supp. 3d 868, 870 (M.D. Tenn. 2014), (citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)). A motion to dismiss under Fed.R.Civ. P. 12(b)(1) based upon a lack of subject matter jurisdiction is generally

2

presented in two ways, as facial challenges or as factual challenges. *Lovely v. United States*, 570 F.3d 778, 781-82 (6th Cir. 2009); 2A James W. Moore, Moore's Federal Practice ¶ 12.07 [2.-1], at 12-50 to 12-55 (2d ed. 1996).

A facial attack "questions merely the sufficiency of the pleading" alleging subject matter jurisdiction, and a court reviewing this type of attack "takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A factual attack, on the other hand, "raises a factual controversy" where a court "must weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." Id. No presumption of truthfulness applies under a factual challenge.

### B.      Failure to State a Claim: Fed.R.Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to grant a motion to dismiss when a complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In deciding a motion to dismiss under Rule 12(b)(6), the court must treat all factual allegations as true and construe the complaint in a light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Courts must resolve questions of subject matter jurisdiction before ruling on the merits of the claim. *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983). This Court is one of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

3

377 (1994). If subject matter jurisdiction is lacking, this Court cannot adjudicate the action. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

### III.    DISCUSSION

At the outset, the Court notes that Plaintiff did not oppose Defendants' motion to dismiss.  Accordingly, the Court considers these claims abandoned. See *Humphrey v. U. S. AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (explaining that where Plaintiffs have "not raised arguments in the district court by virtue of [their] failure to oppose defendants' motions to dismiss, the arguments have been waived"). See also *Scott v. Tenn*., No. 88-6095, 878 F.2d 382, 1989 U.S. App. LEXIS 9653, at *4 (July 3, 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion").

Even if Plaintiff had not waived his opposition, the Court concludes that the matter should be dismissed as set forth below.

Plaintiff asserts the following four claims against Defendants:

1. Denial of protection of law pursuant to PREA and Ohio Revised Code.
2. Deliberate indifference under Eighth Amendment.
3. Denial of access/redress courts by refuse to notarize federal complaint documents. Applications to proceed with payment of fees/prisoner affidavit.
4. Denial of certified account statements (SCJ) print out receipt.

Doc. 1, p. 3.

A person is liable under 42 U.S.C. §1983 who "under color of" state law "subjects, or causes to be subjected," another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]" 42 U.S.C. § 1983. Accordingly, Plaintiff must allege that 1) he suffered a 'deprivation' of a constitutional right. *See Adickes v. S. H.*

4

*Kress & Co.*, 398 U.S. 144, 150 (1970), and 2) the defendant acted 'under color of' state law when inflicting this injury. *See Harcz v. Boucher*, 763 F. App'x 536, 540 (6th Cir. 2019).

### A.  Summit County Jail

Plaintiff has named the Summit County Jail ("SCJ") as a defendant in this case. Doc. 1-1. However, county jails are not *sui juris*, meaning they are not separate legal entities under Ohio law that can sue or be sued. *Carmichael v. City of Cleveland*, 571 F. App'x. 426, 435 (6th Cir. 2014); *see also*, *Gerald v. Akron Bar Assn.*, No. 5:18-cv-414, 2018 WL 2985142, *2 (N.D. Ohio June 14, 2018) ("The Summit County Jail is not sui juris"). Accordingly, SCJ must be DISMISSED.  Fed.R.Civ. P. 12(b)(1).

### B.  Individual Defendants

Notably, Plaintiff does not indicate whether he brings his complaint against the Individual Defendants, Metamba Kaalima, Geoffrey Kugler, and Jordon Larson, in their official or individual capacities. Doc. 1. In the Sixth Circuit, a plaintiff is required to "'set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials.' 'Absent a specification of capacity, it is presumed that a state official is sued in his official capacity.' *Nakia Bohanon v. Vantell*, No. 1:22-cv-01161-SHM-tmp, 2025 U.S. Dist. LEXIS 76332, at *5-6 (W.D. Tenn. Apr. 22, 2025) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). Accordingly, the Court construes Plaintiff's claims against the Individual Defendants as official capacity claims. *Id*.

> When government employees like the Defendants are sued in their official capacities, the action 'is equivalent to a suit against the entity on whose

5

> behalf [the employees] act[],' here Athens County. *Johnson*, 398 F.3d at 877 (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 n.55, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)). In turn, a municipality like Athens County 'cannot be held liable under §1983 on a respondeat superior theory.' *Id*. (quoting *Monell*, 436 U.S. at 691). Rather, municipalities incur §1983 liability only when the plaintiff's injuries are the result of a custom or policy of the municipality. Id.

*Knott v. Sullivan*, 418 F.3d 561, 574-75 (6th Cir. 2005). Therefore, Plaintiff must allege facts that demonstrate that the Individual Defendants violated his rights as a result of a policy or custom of the City. *Id*. Defendants note that "the words 'policy' or 'custom' do not appear anywhere in Hoffmeyer's Complaint. And, there is not a single allegation of any of the four bases of county liability. Nor does he allege[] any facts upon which the Court would reply to conclude that an official policy or custom of Summit County resulted in a violation of his constitutional rights." Doc. 22, p. 6-7.

The Court agrees. Even construing Plaintiff's complaint liberally, there are no factual allegations that would tend to show that the Individual Defendants' actions were guided by any official custom or policy. This failure is fatal to his claim. Accordingly, Plaintiff fails to state a claim against the Individual Defendants in their official capacities. Fed.R.Civ. P. 12(b)(6)

### C. Prison Rape Elimination Act (PREA)

To the extent Plaintiff brings a claim under the PREA, "Courts within the Sixth Circuit have consistently held that 'the PREA does not create a private cause of action which can be brought by an individual plaintiff.'" *Fisher v. Fed. Bureau of Prisons*, 484 F. Supp. 3d 521, 537 (N.D. Ohio 2020) (quoting *Simmons v. Solozano*, No. 3:14CV-P354-H, 2014 U.S. Dist. LEXIS 129249, 2014 WL 4627278, at *4 (W.D. Ky. Sept. 16, 2014) (collecting cases)). Accordingly, this claim is dismissed. Fed.R.Civ. P. 12(b)(6).

**D.**     **State Law Claims**

Plaintiff's remaining claims sound in state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id*. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims. The claims are DISMISSED.

**IV.     CONCLUSION**

Defendants' motion to dismiss is GRANTED. This matter is hereby DISMISSED in its entirety.

IT IS SO ORDERED.

March 18, 2026                                                    */s/ Judge John R. Adams*
Date                                                                  JUDGE JOHN R. ADAMS
                                                                     UNITED STATES DISTRICT COURT

7